*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMEEL ALI MCGEE,

        Defendant-Appellant.

UNPUBLISHED
March 23, 2023

No. 361003
Berrien Circuit Court
LC No. 2019-003045-FH

Before: K. F. KELLY, P.J., and BOONSTRA and REDFORD, JJ.

PER CURIAM.

Defendant, Jameel Ali McGee, appeals by leave granted[1] the trial court's decision to credit him for only 48 days served in jail. The trial court sentenced defendant to 1 to 10 years' imprisonment for both carrying a concealed weapon (CCW), MCL 750.227, and being a felon in possession of a firearm (felon-in-possession), MCL 750.224f; and two years' imprisonment for carrying a firearm in the commission of a felony (felony-firearm), MCL 750.227b(1). The trial court ordered the CCW sentence to be served concurrently with the term for felony-firearm, and the term for felon-in-possession to be served consecutively to the felony-firearm term. The trial court granted 48 days' credit for time served pending sentencing. On appeal, defendant argues that the trial court erred by crediting only 48 days' credit for time served claiming that he should have been credited for 414 days related to his inability to post bond on a companion case. We affirm.

## I. BACKGROUND

This case stems from shooting incidents that occurred in August 2019. Police investigated, arrested, and charged defendant with CCW; felon-in-possession; assaulting, resisting, or opposing a police officer; and two counts of felony-firearm. Defendant posted a $15,000 surety bond to secure his release. In February 2020, the trial court arraigned defendant on a bond violation,

---

[1] *People v McGee*, unpublished order of the Court of Appeals, entered June 13, 2022 (Docket No. 361003).

resulting in the addition of a contempt charge. The trial court set bond on this added charge at $2,500 by cash or surety and continued the original, $15,000 surety bond. Defendant did not post the $2,500 bond. In the same hearing, the court arraigned defendant on new charges stemming from incidents that took place just before those leading to the first case. The trial court set bond in that case at $500,000 by cash or surety. Defendant did not post that bond.

Just over a year later, defendant pleaded guilty to CCW, felony-firearm, and felon-in-possession in the first case as a third-offense habitual offender, in exchange for dismissal of all remaining counts, including the second case in its entirety. The trial court revoked defendant's bond before concluding the proceeding.

Although defendant was originally set to be credited with 411 days for time served, the prosecution pointed out at sentencing that, because defendant's surety bond had not been revoked before entering his plea, the number of days credited for time served should have been limited to the time before the bond was posted and after its revocation. After a brief discussion, counsel for defendant conceded that the lesser credit amount was proper under the law.

The trial court noted that defendant's sentencing guidelines recommended minimum range equaled 7 to 34 months' imprisonment. Before imposing the minimum sentence terms, the trial court stated, "I'm going to make some adjustment from the recommendation on Counts One and Two, given the fact that there wasn't as much credit as you thought there was going to be." The trial court sentenced defendant to 12 months to 10 years' imprisonment each for the counts of CCW and felon-in-possession. The trial court authorized credit for 48 days for the time that defendant served in jail on those two charges.

Several months later, defendant moved to set aside the judgment of sentence or to modify it to reflect credit for 414 days served.[2] Defendant argued that he deserved the amount credited because the two cases were eventually consolidated as "extensively interrelated." Defendant asserted that the contempt charge in the first case also had a bond set and even if the trial court did not find an award of 414 days' credit mandatory, it still had discretion to consider whether to grant credit in light of "unrelated offenses" or to remedy a constitutional violation, such as defendant's right to a speedy trial. Although speedy-trial violations likely would not be found with the pandemic being the primary cause of delay, defendant claimed prejudice because he had no recourse but to spend the entire time in jail.

Defendant also contended that he received ineffective assistance by all three attorneys appointed to him throughout the cases. Defendant argued that his first attorney "should have been aware that [defendant] was incarcerated" when the new bond of $500,000 was set but the $15,000 surety bond remained active. Defendant next argued that his second attorney did not address the issues of defendant's bonds in his motion for pretrial release. Defendant also argued that his third attorney erred when he declined to research or make an argument regarding jail credit at defendant's sentencing hearing.

---

[2] It is unclear how defendant calculated 414 days, when the original calculation called for 411 days. The number, however, is irrelevant.

The prosecution responded that the trial court properly calculated 48 days credit for the time that defendant spent in jail because, under MCL 769.11b, a defendant shall be credited for time served if he could not post bond "for the offense of which he is convicted" but defendant was not entitled to credit for time served in the second case because the charges in that case were dismissed. The prosecution explained that the cases remained "separate and distinct files, separate case numbers, separate incidents" even though they had been consolidated for trial. The prosecution further argued that the COVID-19 pandemic precluded any claim of speedy-trial violation. Finally, the prosecution asserted that defendant's attorneys could not be faulted for providing ineffective assistance because the outcome would not have changed in defendant's favor.

The trial court rendered its decision from the bench and quoted the following passage from *People v Adkins*, 433 Mich 732, 751 n 10; 449 NW2d 400 (1989):

Our opinion today, however, must not be seen as in any way prohibiting a . . . sentencing [j]udge from granting sentence credit for time served for an unrelated offense should it be decided such credit is warranted. The trial court's sentencing discretion under our indeterminate sentencing law, MCL 769.1, clearly would permit reducing a [d]efendant's minimum sentence should the court think such action is appropriate.

The trial court continued, "It is important to note here, first of all, that the Supreme Court refers to sentence credit rather than jail credit. This [c]ourt does not read this footnote as giving unbridled discretion toward more jail credit despite the statutory requirements of MCL 769.11b."

The trial court explained that it exercised sentencing discretion by reducing defendant's highest possible minimum sentence in his sentencing guidelines range from 34 months down to 12 months. Next, the trial court stated simply that defendant's argument regarding credit because of delays caused by the pandemic was "without merit for the reasons stated on the record in the [c]ourt's denial of the [d]efendant's earlier motion for pretrial release." The trial court also rejected defendant's argument regarding ineffective assistance of counsel. The trial court reasoned that defendant would have served more time, even with 414 days' credit, had the trial court imposed a minimum at the top end of the minimum sentencing guidelines range. Therefore, defendant could not show that "but for his counsel's errors, the result would have been different." For those reasons, the trial court denied defendant's motion to modify his sentence.

II. ANALYSIS

On appeal, defendant argues first that the trial court erred by granting him only 48 days of jail credit rather than 414 days under the rule stated in *Adkins* because application of that rule created an unjust result since the offenses were charged in two separate cases, but they occurred within a two-day period and were closely connected. We disagree.

"The question whether defendant is entitled to sentence credit pursuant to MCL 769.11b for time served in jail before sentencing is an issue of law that we review de novo." *People v Waclawski*, 286 Mich App 634, 688; 780 NW2d 321 (2009) (citation omitted). MCL 769.11b governs credit for time served in jail before sentencing and provides as follows:

-3-

Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

In *People v Prieskorn*, 424 Mich 327, 344; 381 NW2d 646 (1985), our Supreme Court explained that "[t]o be entitled to sentence credit for presentence time served, a defendant must have been incarcerated 'for the offense of which he is convicted.' " The Court reasoned:

the sentence credit statute neither requires nor permits sentence credit in cases, such as the one before us, where a defendant is released on bond following entry of charges arising from one offense and, pending disposition of those charges, is subsequently incarcerated as a result of charges arising out of an unrelated offense or circumstance and then seeks credit in the former case for that latter period of confinement. [*Id*. at 340.]

In *Adkins*, 433 Mich at 735, 739, our Supreme Court reaffirmed its holding in *Prieskorn*:

Section 11b itself requires credit only for time served as a result of a defendant being denied or unable to furnish bond "for the offense of which he is convicted." Where, as here, the defendant has served time not as a result of his inability to post bond for the offense for which he seeks credit, but because of his incarceration for another offense, § 11b is simply not applicable. [*Id*. at 750.]

The Court noted that its ruling did not prohibit trial courts from granting a defendant credit for time served in an unrelated offense if it decided such credit is warranted. The Court stated that the "trial court's sentencing discretion under our indeterminate sentencing law, MCL 769.1 . . . , clearly would permit reducing a defendant's minimum sentence should the court think such action appropriate."[3] *Id*. at 751 n 10.

Defendant argues that a strict application of *Adkins* produces an unjust result in this case because (1) his cases were related to the point of consolidation, and (2) the activities leading to the charges in the second case predated those in the first case for which the trial court sentenced defendant. The police arrested defendant and lodged him in jail for contempt of the trial court's orders in the first case when the charges in the second case were brought.

This Court, however, is bound to follow our Supreme Court's precedent, as it did in *People v Raisbeck*, 312 Mich App 759, 767; 882 NW2d 161 (2015), in which this Court held that, under the strict interpretations of MCL 769.11b in *Prieskorn* and *Adkins*, the defendant was not entitled to credit for time she served in one case, even though it was closely related to the case subject to sentencing. Notably, in *Raisbeck*, investigators located additional victims of the defendant's

---

[3] MCL 769.1(1) provides in pertinent part that "[a] judge of a court having jurisdiction may pronounce judgment against and pass sentence upon a person convicted of an offense in that court. The sentence shall not exceed the sentence prescribed by law. . . ."

fraudulent acts while preparing for trial in the first case. *Id*. at 761-762. The defendant was charged and convicted on additional counts as a result. *Id*. at 762. The facts did not specify whether the additional victims were harmed before or after those accounted for in the first trial. In other words, the temporal factor was not contemplated as a reason to alter the application of MCL 769.11b under *Adkins*. Therefore, defendant's argument that he should have been given credit in the second case because the charges stemmed from activity predating those in the first case carries no weight, even though the cases derived from similar conduct.

Further, the trial court specifically exercised its discretion by reducing defendant's minimum sentence to accommodate his not receiving as much jail credit, in the manner foreseen by our Supreme Court and clarified in *Adkins*, 433 Mich at 751 n 10. The trial court ultimately sentenced defendant to 22 fewer months than it could have while remaining within the sentencing guidelines minimum range, and the court noted that it provided at least some of that reduction[4] for defendant's time in jail for which he did not receive credit. Defendant's sentence, therefore, is not unjust. The trial court did not err when it applied the holdings set forth in *Prieskorn*, *Adkins*, and *Raisbeck* and credited defendant with 48 days for time he served in jail in the first case "for the offense of which he is convicted."

Defendant next argues that the trial court abused its discretion by not granting credit for 414 days because of violations of defendant's right to a speedy trial. We disagree.

"A defendant must make a formal demand on the record to preserve a speedy trial issue for appeal." *People v Cain*, 238 Mich App 95, 111; 605 NW2d 28 (1999) (quotation marks and citation omitted). Defendant moved the trial court for a modification or to set aside his sentence, in which he argued that he was denied his right to a speedy trial. Therefore, the issue is preserved for appeal. See *id*.

Issues implicating constitutional law are reviewed de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "A defendant has the right to a speedy trial under the federal and Michigan constitutions, which the Michigan Legislature statutorily enforces" for the purpose of ensuring "that a guilty verdict results only from a valid foundation in fact." *Cain*, 238 Mich App at 111; US Const, Am VI; Const 1963, art 1, § 20; MCL 768.1. In *Cain*, 238 Mich App at 111-112, this Court explained:

> Michigan courts apply the four-part balancing test articulated in *Barker v Wingo*, 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972), to determine if a pretrial delay violated a defendant's right to a speedy trial. The test requires a court to consider (1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. This fourth element, prejudice, is critical to the analysis. [Quotation marks and citations omitted.]

Although the actual length of delay itself is not determinative of a speedy-trial violation, "[a] delay that is under eighteen months requires a defendant to prove that the defendant suffered prejudice.

---

[4] Plaintiff asserts in its brief on appeal that the trial court accounted for 60 days, but we have not located any notation supporting that assertion.

However, a delay of eighteen months or more . . . is presumed prejudicial and places a burden on the prosecutor to rebut that presumption." *Id*. at 112.

Defendant acknowledges that the reason for the delay, the COVID-19 pandemic, is not one that would likely give rise to any speedy-trial violation.[5] Regardless, because defendant entered a plea, it cannot be said that the purpose of the right to a speedy trial, ensuring that the verdict is grounded in a valid foundation of fact, was thwarted. Further, defendant's argument that the trial court contributed to the delay when it granted adjournment of the contempt hearing is unavailing because defendant requested that adjournment.

Defendant also argues that the trial court in its discretion could have granted additional credit for the time he served in jail because of delays caused by the pandemic. As explained previously, the record reflects that the trial court exercised its discretion to address the length of time that defendant spent in jail by reducing defendant's minimum sentence. The trial court did not abuse its discretion by not granting defendant additional credit for time served.

Finally, defendant argues that none of his three attorneys addressed the fact that he posted a $15,000 bond that was never revoked, even though all three had an opportunity to do so. He claims that because the concept of jail credit being available when a defendant has posted bond should be well known to criminal defense attorneys, not addressing the issue constituted ineffective assistance of counsel.

Defendant bears the burden to prove facts that demonstrate that defense counsel failed to provide adequate representation. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). If these facts are not already part of the record, defendant must create a record through a motion and hearing for a new trial. See *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973). Defendant moved the trial court to modify or set aside his sentence, arguing in part that his attorneys provided ineffective assistance when they did not seek to revoke defendant's surety bond. Therefore, this issue is preserved for review. See *id*. However, because no evidentiary hearing was held, "review is limited to errors apparent on the record." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007), citing *People v Riley (After Remand)*, 468 Mich 135, 139; 659 NW2d 611 (2003).

Whether a defendant has been denied effective assistance of counsel is a mixed question of fact and constitutional law. *LeBlanc*, 465 Mich at 579. The applicable facts must be determined by the trial court, which then must decide whether those facts rise to a level violative of the defendant's right to effective assistance of counsel. *Id*. This Court reviews the trial court's factual findings for clear error. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). A trial court's findings are clearly erroneous if, after reviewing the entire record, a reviewing court is "definitely and firmly convinced" that the trial court made a mistake. *People v Armstrong*, 305

---

[5] This Court has deemed delays sustained because of the pandemic not the fault of the trial court. See, e.g., *In re Sanborn*, 337 Mich App 252, 269-270; 976 NW2d 44 (2021); see also *People v Witkoski*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 355299); slip op at 4-5.

Mich App 230, 242; 851 NW2d 856 (2014). Questions of constitutional law are reviewed de novo. *LeBlanc*, 465 Mich at 579.

Both the United States Constitution and Michigan Constitution guarantee to criminal defendants the right to counsel. US Const, Am VI; Const 1963, art 1, § 20. See also *Missouri v Frye*, 566 US 134, 138; 132 S Ct 1399; 182 L Ed 2d 379 (2012); *People v Pickens*, 446 Mich 298, 311; 521 NW2d 797 (1994). This right extends to all critical stages of criminal proceedings in which counsel's absence might deprive the defendant of a fair trial. *People v Buie*, 298 Mich App 50, 61; 825 NW2d 361 (2012). To "obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Trakhtenberg*, 493 Mich at 51 (citations omitted). " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018) (quotation marks and citation omitted). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004).

In this case, defendant cites no caselaw for the proposition that failing to request revocation of a surety bond fell below an objective standard of reasonableness. When a party "fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court." *Prince v McDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999). Appellate review is not required when an issue is deemed abandoned. *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002). Even so, the record does not demonstrate that had defense counsels' actions been different, a reasonable likelihood exists that the outcome would have been different. Indeed, the trial court clearly stated at sentencing that it reduced defendant's minimum sentence because of the issue of jail credit that defendant expected but could not receive. Although the trial court did not specify at sentencing how much it reduced defendant's sentence because of the jail credit issue, it later stated that it "already reduced the defendant's minimum sentence by 22 months," which constituted 10 months more than the amount of jail credit to which defendant believed himself entitled.

Because defendant received a reduction in his sentence in lieu of a grant of more jail credit, defendant cannot establish a factual predicate for his claim of ineffective assistance of counsel. Therefore, the trial court did not err when it determined that defendant was not prejudiced even though none of his attorneys requested that his $15,000 surety bond be revoked.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark T. Boonstra
/s/ James Robert Redford