# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

TONYA LYNN RAISBECK,

       Defendant-Appellant.

FOR PUBLICATION
October 20, 2015
9:15 a.m.

No.  321722
Allegan Circuit Court
LC No.  12-017853-FH

---

Before:  TALBOT, C.J., and BECKERING and GADOLA, JJ.

TALBOT, C.J.

Tonya Lynn Raisbeck appeals as of right her conviction and sentence, after a jury trial, of conducting or participating in the affairs of an enterprise directly or indirectly through a pattern of racketeering activity (racketeering).[1]  We affirm Raisbeck's conviction, but vacate the judgment of sentence with respect to restitution only and remand for further proceedings.

In the summer of 2010, Special Agent John C. Mulvaney headed an investigation into Mobile Modification, Inc. (MMI), a business incorporated by Raisbeck in 2008.  MMI operated from a location in Fennville.  For a fee, MMI promised to obtain mortgage modifications for its customers.  Mulvaney's investigation began after several complaints were received that MMI would collect its fees, but provide nothing to its customers.  On July 27, 2010, Raisbeck was arrested on misdemeanor charges and presented with a search warrant for the premises where the business operated.  Raisbeck allowed agents to search the premises.  Through this search, agents discovered 195 customer files.  After reviewing these files, it did not appear that a single modification had been successfully completed.

Raisbeck was initially prosecuted in Allegan County in case numbers 10-10719-FH and 10-10720-FH.  These cases concerned six victims.  Ultimately, Raisbeck was convicted of two counts of false pretenses over $1,000 but less than $20,000.[2]  She was also convicted of one

---

[1] MCL 750.159i(1).

[2] MCL 750.218(4)(a).

count of conspiracy to commit false pretenses.[3]  While preparing for this first trial, Mulvaney became aware of additional victims of MMI.  After these initial cases concluded, Special Agent Pete Ackerly took over the investigation.  Ackerly identified several additional victims.  In January, 2012, Raisbeck was charged with racketeering in case number 12-107853-FH, the case from which the instant appeal arises.  After a lengthy trial, on September 6, 2013, a jury convicted Raisbeck of one count of racketeering.  Through a special verdict form, the jury concluded that Raisbeck defrauded nine individual victims of a total of $7,752.[4]

## I. SUFFICIENCY OF THE EVIDENCE

Raisbeck first argues that the evidence presented at trial was insufficient to support her racketeering conviction.  We disagree.  "A challenge to the sufficiency of the evidence in a jury trial is reviewed de novo, viewing the evidence in the light most favorable to the prosecution, to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt."[5]

As this Court has explained:

[I]n order to find defendant guilty of racketeering, the jury needed to find beyond a reasonable doubt that: (1) an enterprise existed, (2) defendant was employed by or associated with the enterprise, (3) defendant knowingly conducted or participated, directly or indirectly, in the affairs of the enterprise, (4) through a pattern of racketeering activity that consisted of the commission of at least two racketeering offenses that (a) had the same or substantially similar purpose, result, participant, victim, or method of commission, or were otherwise interrelated by distinguishing characteristics and are not isolated acts, (b) amounted to or posed a threat of continued criminal activity, and (c) were committed for financial gain.[6]

---

[3] MMI was separately charged and convicted in lower court case numbers 10-017015-FH and 10-017014-FH.  Appeals were filed in all four cases, and the appeals were consolidated.  *People v Raisbeck*, unpublished order per curiam of the Court of Appeals, entered March 14, 2012 (Docket No.'s 308581, 308569, 308601, and 308665).  On December 28, 2012, this Court dismissed MMI's appeals because corporations may not pursue an appeal without an attorney, and no attorney had filed an appearance on MMI's behalf.  *People v Mobile Modification, Inc*, unpublished order of the Court of Appeals, entered December 28, 2012 (Docket No.'s 308569 and 308665).  On February 20, 2013, this Court dismissed both appeals arising from Raisbeck's convictions because Raisbeck had yet to file an appellate brief.  *People v Raisbeck*, unpublished order of the Court of Appeals, entered February 20, 2013 (Docket No.'s 308581 and 308601).

[4] Specifically, the jury found that Raisbeck defrauded three victims of $994 each, and six of $795 each.  The jury found that Raisbeck had not defrauded three additional victims.

[5] *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014).

[6] *People v Martin*, 271 Mich App 280, 321; 721 NW2d 815 (2006), aff'd 482 Mich 851 (2008).

Raisbeck challenges whether there was sufficient evidence to demonstrate that she engaged in a pattern of racketeering activity. As is provided by statute:

(c) "Pattern of racketeering activity" means not less than 2 incidents of racketeering to which all of the following characteristics apply:

(*i*) The incidents have the same or a substantially similar purpose, result, participant, victim, or method of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated acts.

(*ii*) The incidents amount to or pose a threat of continued criminal activity.

(*iii*) At least 1 of the incidents occurred within this state on or after the effective date of the amendatory act that added this section, and the last of the incidents occurred within 10 years after the commission of any prior incident, excluding any period of imprisonment served by a person engaging in the racketeering activity.[7]

To establish a pattern of racketeering activity, the prosecutor relied, in part, on Raisbeck's prior false pretenses convictions. Raisbeck argues that because the prosecutor only presented a single judgment of sentence, which did not establish the precise dates she committed these prior offenses, the prosecutor failed to establish the third statutory element above. The essence of her argument is that to satisfy this element, the crimes must have been committed on separate dates, and without evidence of these specific dates, her conviction cannot stand. Raisbeck is incorrect. Nothing in the statutory definition of a "pattern of racketeering activity" requires that the predicate criminal acts that form the basis of a racketeering conviction occur on different dates. The statute simply requires that the last criminal act occur within ten years of the prior criminal act, excluding the time during which a defendant is imprisoned.[8] The criminal acts at issue in this case all occurred within a period of less than ten years. Moreover, even excluding her prior false pretenses convictions, Raisbeck's racketeering conviction would be supported by the jury's conclusion that she defrauded nine additional victims.[9] Raisbeck's argument lacks merit.

Raisbeck also argues that the prosecutor did not present sufficient evidence to establish that she engaged in "racketeering" as that term is defined. "Racketeering" is defined, in relevant part, as committing or conspiring to commit "[a] felony violation of [MCL 750.]218, concerning

---

[7] MCL 750.159f(c).

[8] MCL 750.159f(c)(*iii*).

[9] The prosecutor aggregated these victims into three violations of MCL 750.218(4)(a).

false pretenses."[10] Raisbeck argues that because no one individual transaction exceeded the $1,000 threshold stated in MCL 750.218(4)(a), there exists no evidence that she committed a felony violation of MCL 750.218. She argues that a prosecutor cannot aggregate separate incidents to satisfy the monetary threshold of MCL 750.218(4)(a). Raisbeck is incorrect. To satisfy the monetary threshold stated in MCL 750.218(4)(a), a prosecutor may aggregate separate but related incidents that occur within twelve months.[11] The prosecutor did so, aggregating 18 separate acts into five violations of MCL 750.218(4)(a). Raisbeck does not dispute that the separate incidents occurred within twelve months, or that, as aggregated, these violations satisfy the $1,000 threshold.[12] Accordingly, Raisbeck's argument lacks merit.

## II. SENTENCE CREDIT

Raisbeck next argues that the trial court erred by refusing to credit time served in jail against her racketeering sentence. We disagree. "The question whether defendant is entitled to sentence credit pursuant to MCL 769.11b for time served in jail before sentencing is an issue of law that we review de novo."[13]

Raisbeck served 360 days in jail for her prior false pretenses convictions. While she was in jail, the prosecutor charged Raisbeck with racketeering, the charge that resulted in the conviction at issue in this appeal. As she did in the trial court, Raisbeck argues that she was entitled to a credit against her sentence for racketeering of 360 days because the false pretenses convictions formed, in part, the basis for her racketeering conviction.

A criminal defendant's entitlement to credit for time served in jail is provided by MCL 769.11b. Pursuant to this statute:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in

---

[10] MCL 750.159g(w).

[11] As is provided by Michigan's false pretenses statute, "The values of land, interest in land, money, personal property, use of the instrument, facility, article, or valuable thing, service, larger amount obtained, or smaller amount sold or disposed of in separate incidents pursuant to a scheme or course of conduct within any 12-month period may be aggregated to determine the total value involved in the violation of this section." MCL 750.218(8).

[12] Regardless, we note that the record reflects that the separate individual incidents occurred in a period from June, 2008, to February, 2009, a period of nine months. The record also demonstrates that, through a special verdict form, the jury concluded that Raisbeck committed no less than three violations of MCL 750.218(4)(a). These violations do not include Raisbeck's prior convictions of false pretenses, which also formed part of the basis for her racketeering conviction.

[13] *People v Waclawski*, 286 Mich App 634, 688; 780 NW2d 321 (2009).

imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.[14]

As our Supreme Court has explained:

> The statute has been interpreted many different ways in the Court of Appeals, depending upon the factual permutations that result in presentence confinement in particular cases. The sheer number and the factual uniqueness of the host of cases that have been decided in the Court of Appeals defy discrete categorization, or restatement of simple majority and minority rules.
>
> It has been accurately observed, however, that interpretations of the statute in the Court of Appeals have fallen into one of three general categories: the *liberal* approach that ordinarily affords credit for any presentence confinement served for whatever the reason, and whether related or unrelated to the crime for which the sentence in issue is imposed, the *middle* or *intermediate* approach that asks the question whether the reason for the presentence confinement bears an "intimate and substantial relationship" to the offense for which the defendant was convicted and is seeking sentence credit; and the *strict* approach which limits credit to presentence confinement that results from the defendant's financial inability or unwillingness to post bond for the offense for which he has been convicted. Presumably, this last category would include instances in which the accused is denied bail under the provisions of art 1, § 15 of the Michigan Constitution.
>
> The foregoing classifications are necessarily inexact, and some cases will present factual scenarios that do not fit precisely within any of the stated categories.[15]

Raisbeck's argument relies on cases generally taking the intermediate approach described above.[16] However, our Supreme Court resolved the apparent conflict between these approaches by holding that "[t]o be entitled to sentence credit for presentence time served, a defendant must have been incarcerated 'for the offense of which he is convicted.' "[17] Our Supreme Court has since reiterated that "credit is to be granted for presentence time served in jail only where such

---

[14] MCL 769.11b.

[15] *People v Prieskorn*, 424 Mich 327, 333-334; 381 NW2d 646 (1985) (citations omitted).

[16] *People v Tilliard*, 98 Mich App 17; 296 NW2d 180 (1980); *People v Face*, 88 Mich App 435; 276 NW2d 916 (1979); *People v Groeneveld*, 54 Mich App 424; 221 NW2d 254 (1974). We note that none of these opinions may be considered binding on this Court because each was decided prior to November 1, 1990. MCR 7.215(J)(1); *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012).

[17] *Prieskorn*, 424 Mich at 344, quoting MCL 769.11b.

time is served as a result of the defendant being denied or unable to furnish bond 'for the offense of which he is convicted.' "[18]  In other words, our Supreme Court has repudiated the intermediate approach relied on by Raisbeck.  The time Raisbeck spent in jail was time served on her prior false pretenses convictions, not time served for the offense of which she was convicted in this case.  Accordingly, Raisbeck was not entitled to sentence credit.[19]

## III.  RESTITUTION

Finally, Raisbeck argues that the trial court erred by ordering her to pay over $23,000 in restitution.  We agree that the trial court erred in this regard.  "This Court generally reviews an order of restitution for an abuse of discretion."[20]  "But when the question of restitution involves a matter of statutory interpretation, the issue is reviewed de novo as a question of law."[21]

On September 3, 2013, the ninth day of trial, the trial court and the parties discussed an amended information that had been filed by the prosecutor a few days earlier.  After the trial court reviewed the amended information, it stated that there were "a total of 14 victims in this case."  The prosecutor corrected the trial court, stating that "there's a total of 18 victims . . . as part of this."  The trial court requested that the prosecutor amend the information to specifically name the individual victims.  The following day, September 4, 2013, the prosecutor filed a new amended information.  This amended information included a single count of racketeering.  It went on to allege five separate felony violations of the false pretenses statute.[22]  Each of these five violations stated that it consisted of three to four victims, and each victim was identified by name.

After the trial concluded, but before sentencing, the prosecutor filed a motion seeking an award of restitution to 85 victims of Raisbeck's scheme.  As is stated in the prosecutor's brief accompanying the motion, "the majority [of these victims] were not represented in the charges."  The prosecutor relied on our Supreme Court's opinion in *People v Gahan*, which held that a sentencing court was permitted to order restitution to all victims, "even if those specific losses were not the factual predicate for the conviction."[23]  Raisbeck responded to the motion by arguing that only those victims who formed the factual predicate for her conviction could be

---

[18] *People v Adkins*, 433 Mich 732, 742; 449 NW2d 400 (1989).  See also *People v Idziak*, 484 Mich 549, 562-563; 773 NW2d 616 (2009), quoting MCL 769.11b (where a defendant "is incarcerated not 'because of being denied or unable to furnish bond' for the new offense, but for an independent reason[,]" MCL 769.11b does not apply.).

[19] *Adkins*, 433 Mich at 742; *Prieskorn*, 424 Mich at 333-334.

[20] *People v Dimoski*, 286 Mich App 474, 476; 780 NW2d 896 (2009).

[21] *Id*.

[22] MCL 750.218(4)(a).

[23] *People v Gahan*, 456 Mich 264, 270; 571 NW2d 503 (1997), overruled *People v McKinley*, 496 Mich 410; 852 NW2d 770 (2014).

included in a restitution award. She further argued that several of the victims that formed the basis for her racketeering conviction had been compensated through restitution awards connected to her prior false pretenses convictions. The prosecutor replied, asserting that he would seek restitution for approximately 30 victims beyond those that formed the basis for Raisbeck's racketeering conviction, as well as for five of the victims that did form part of the basis of the racketeering conviction.[24] Relying on *Gahan*, the trial court agreed that it could order restitution be paid to all victims of Raisbeck's scheme. At sentencing, the trial court considered documentary evidence detailing the claims of these victims, and found that 31 claims for restitution were substantiated. The trial court awarded a total of approximately $23,000 in restitution.

After Raisbeck was sentenced, our Supreme Court decided *People v McKinley*.[25] In *McKinley*, our Supreme Court explicitly overruled its decision in *Gahan*:

> We conclude that the *Gahan* Court's reading of MCL 780.766(2) is not sustainable and must be overruled. The plain language of the statute authorizes the assessment of full restitution only for "any victim of the defendant's course of conduct that gives rise to the conviction . . . ." The statute does not define "gives rise to," but a lay dictionary defines the term as "to produce or cause." *Random House Webster's College Dictionary* (2000), p. 1139. Only crimes for which a defendant is charged "cause" or "give rise to" the conviction. Thus, the statute ties "the defendant's course of conduct" to the convicted offenses and requires a causal link between them. It follows directly from this premise that any course of conduct that does not give rise to a conviction may not be relied on as a basis for assessing restitution against a defendant. Stated differently, while conduct for which a defendant is criminally charged and convicted is necessarily part of the "course of conduct that gives rise to the conviction," the opposite is also true; conduct for which a defendant is not criminally charged and convicted is necessarily not part of a course of conduct that gives rise to the conviction. Similarly, the statute requires that "any victim" be a victim "of" the defendant's course of conduct giving rise to the conviction, indicating that a victim for whom restitution is assessed need also have a connection to the course of conduct that gives rise to the conviction. Allowing restitution to be assessed for uncharged conduct reads the phrase "that gives rise to the conviction" out of the statute by permitting restitution awards for "any victim of the defendant's course of conduct" without any qualification.[26]

Thus, in *McKinley*, our Supreme Court concluded:

---

[24] The jury determined that one of these five victims was not defrauded by Raisbeck. The trial court did not order restitution with regard to this victim.

[25] *McKinley*, 496 Mich 410.

[26] *Id*. at 419-420.

Because MCL 780.766(2) does not authorize the assessment of restitution based on uncharged conduct, the trial court erred by ordering the defendant to pay $94,431 in restitution to the victims of air conditioner thefts attributed to the defendant by his accomplice but not charged by the prosecution. We therefore vacate that portion of the defendant's judgment of sentence.[27]

As held by our Supreme Court in *McKinley*, trial courts may not "impose restitution based solely on uncharged conduct."[28] Here, the information lists a single count of racketeering, "consisting of two or more of the following incidents . . . [.]" The information then lists five separate violations of the false pretenses statute. Each of these five violations states that it "consists of" various named victims, 18 in all. Thus, Raisbeck was charged with racketeering on the basis of her conduct with respect to the 18 named individuals contained within the information. The trial court, however, ordered restitution based on the claims of over 20 victims who were not named in the amended information. As these victims were not named in the amended information, any illegal conduct with respect to these victims was not charged. Because a trial court cannot order restitution with regard to uncharged conduct, the trial court erred by ordering restitution on the basis of the claims of those individuals who were not named in the information.[29]

The prosecutor argues that the language of MCL 750.159i(l), as well as the definition of a "pattern of racketeering activity" stated in MCL 750.159f(c), support a conclusion that all victims of Raisbeck's potential scheme were included in the single racketeering charge. Based on this premise, the prosecutor argues that the rule of *McKinley* was not violated because anyone defrauded by Raisbeck's scheme was necessarily included in the charge. Of course, this position is precisely contrary to the prosecutor's position in the trial court, where the prosecutor stated that the majority of the victims for whom he sought restitution "were not represented in the charges." Regardless, we do not read the statutory provisions cited by the prosecutor as having any relevance to the issue of the proper scope of restitution.

The statutory provisions cited by the prosecutor state that a racketeering charge requires the existence of a pattern of racketeering activity[30] and define the phrase "pattern of racketeering activity."[31] A "pattern of racketeering activity" requires a showing of "not less than 2 incidents of racketeering . . . ."[32] The term "racketeering" is defined as "committing, attempting to

---

[27] *Id*. at 421.

[28] *Id*. at 424.

[29] *Id*. at 419-424.

[30] MCL 750.159i(l).

[31] MCL 750.159f(c). We note that the prosecutor attempts to redefine the phrase "pattern of racketeering activity" by citing to a dictionary definition of "pattern." Where our Legislature has defined a term, that definition controls, and it is unnecessary to turn to dictionary definitions. *People v Lewis*, 302 Mich App 338, 342; 839 NW2d 37 (2013).

[32] MCL 750.159f(c).

commit, conspiring to commit, or aiding and abetting, soliciting, coercing, or intimidating a person to commit an offense for financial gain, involving" any one of a number of enumerated violations.[33] Thus, these provisions provide that a single racketeering charge is predicated on several individual incidents that form a pattern of racketeering activity. These provisions do not, however, necessarily expand the charge beyond the specific incidents that form its factual predicate. In this case, the amended information specifically names 18 individuals. Raisbeck's acts against these individuals form the factual predicate for the single racketeering charge. The prosecutor simply did *not* charge Raisbeck with committing a crime against any and all victims of her scheme; he charged her with committing a single crime against 18 named individuals.

The prosecutor also makes several arguments that could best be described as arguing that, as a policy matter, this Court should allow the trial court's order to stand because to do otherwise would contravene the purpose of the racketeering statute. Our Supreme Court "has recognized that the Legislature is the superior institution for creating the public policy of this state[.]"[34] With regard to restitution, our Legislature has announced its policy decision through MCL 780.766. Our Supreme Court interpreted the statute in *McKinley* and made clear that the statute "does not authorize the assessment of restitution based on uncharged conduct."[35] The prosecutor cites no statute demonstrating that the Legislature has expressed the intent to treat restitution with regard to a racketeering conviction differently than a conviction for any other crime. We decline the invitation to make a public policy decision that differs from that expressed by our Legislature.

Pursuant to *McKinley*, we must vacate that portion of the trial court's judgment of sentence that awarded restitution based on uncharged conduct.[36] Raisbeck must pay restitution only with regard to those victims named in the information. The trial court awarded $4,424.36 in restitution with regard to these victims.[37] Accordingly, we remand with instructions that the trial court enter an order assessing $4,424.36 in restitution against Raisbeck.

---

[33] MCL 750.159g.

[34] *Woodman ex rel Woodman v Kera LLC*, 486 Mich 228, 245; 785 NW2d 1 (2010).

[35] *McKinley*, 496 Mich at 421.

[36] See *id*. at 424.

[37] At the sentencing hearing, the trial court ordered restitution in the amount of $4,225.36 with respect to the claims of individuals named in the information. The trial court later granted the prosecutor's motion to order additional restitution in the amount of $199. This additional amount was likewise based on the claim of an individual named in the information, and accordingly, the trial court properly imposed this additional amount.

The judgment of sentence is vacated with respect to restitution, and the matter remanded for entry of an order assessing $4,424.36 in restitution. Affirmed in all other respects. We do not retain jurisdiction.

/s/ Michael J. Talbot
/s/ Jane M. Beckering
/s/ Michael F. Gadola