# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BUD BRYANT also known as BUD BRYANT, JR.,

        Defendant-Appellant.

UNPUBLISHED
February 2, 2017

No. 328512
Wayne Circuit Court
LC No. 14-008168-01-FH

Before: STEPHENS, P.J., and SAAD and METER, JJ.

PER CURIAM.

Defendant pleaded guilty to possession of a firearm during the commission of a felony, second offense (felony-firearm 2d), MCL 750.227b(1), pursuant to a plea and sentencing agreement. The trial court sentenced defendant to serve five years in prison, concurrently with the sentence imposed in another case and consecutively to existing parole. Defendant was also ordered to pay $498 in costs and fees and $1,000 in restitution. Defendant applied to this Court for leave to appeal, challenging the restitution order and arguing that his trial counsel was ineffective for failing to object to the restitution order at sentencing. This Court denied his application.[1] Defendant then applied for leave to appeal in the Michigan Supreme Court. The Supreme Court remanded the case to us "for consideration as on leave granted of the defendant's issue regarding the propriety of the Wayne Circuit Court's restitution award in light of *People v McKinley*, 496 Mich 410; 852 NW2d 770 (2014)." *People v Bryant*, 499 Mich 896; 876 NW2d 821 (2016). "In all other respects," the Court ruled, "leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court." *Id*. We now affirm.

Defendant broke into Deborah Raupp's home and stole rifles, a change jar, and a jewelry box. A security camera outside Raupp's home captured defendant walking out of the home with a long gun and change jar in his hand. The parties reached a plea and sentencing agreement; defendant would plead guilty to felony-firearm 2d, and in exchange the prosecution would

---

[1] *People v Bryant*, unpublished order of the Court of Appeals, entered August 31, 2015 (Docket No. 328512).

dismiss a second-degree home invasion count and fourth-offense habitual offender notice. The parties agreed that defendant would be sentenced to five years in prison. The trial court sentenced defendant to prison terms consistent with the plea agreement.

At sentencing, the prosecution requested that defendant pay $1,000 in restitution. Raupp requested $1,000 in restitution for her insurance deductible. The trial court ordered defendant to pay this amount. Defendant filed a motion to correct an invalid sentence, challenging the restitution, costs, and fees ordered. Regarding restitution, defendant argued that it should be reduced because the amount ordered was improper under *McKinley*, 496 Mich at 419-421, MCL 780.766(2), and MCL 769.1a(2). Defendant argued that the trial court should have only ordered restitution for losses from the theft of a single gun because he only admitted to stealing one gun and was only charged with possessing one gun. Therefore, he contended, any loss associated with the theft of additional items was related to the dismissed charge of second-degree home invasion and could not be recovered. The prosecution argued that *McKinley* did not apply because, among other reasons, defendant had been charged with second-degree home invasion. The trial court concluded that *McKinley* was inapplicable because "there's no requirement that the factual basis establish the level of restitution . . . ." Instead, the court reasoned, the factual basis underlying the plea must "simply [establish] the elements of the crime . . . ." The trial court called this a "home invasion" case where "[b]oth guns were [taken as] a matter of [defendant's] course of conduct." The trial court noted that the presentence investigation report (PSIR) provided a "preponderance of the evidence that there were . . . two guns stolen." The trial court upheld the $1,000 restitution order.

This Court reviews "[t]he proper application of . . . statutes authorizing the assessment of restitution at sentencing" de novo, *McKinley*, 496 Mich at 414-415; reviews a trial court's "factual findings for clear error;" and reviews a trial "court's calculation of a restitution amount for an abuse of discretion," *People v Corbin*, 312 Mich App 352, 361; 880 NW2d 2 (2015).

MCL 780.766(2) governs restitution and states that a defendant must "make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction . . . ."[2] The *McKinley* Court (considering a "restitution award . . . based solely on uncharged conduct") concluded that the phrase "gives rise to the conviction" means " 'to produce or cause' " the conviction. 496 Mich at 413, 419, quoting *Random House Webster's College Dictionary* (2000). Therefore, the *McKinley* Court concluded, the restitution "statute ties 'the defendant's course of conduct' to the convicted offenses and requires a causal link between them." *McKinley*, 469 Mich at 419. Stated differently, "MCL 780.766(2) requires a direct, causal relationship between the conduct underlying the convicted offense and the amount of restitution to be awarded," *id*. at 421, and "any course of conduct that does not give rise to a conviction may not be relied on . . . [to] assess[ ] restitution," *id* at 419.

---

[2] MCL 769.1a(2) also requires the trial court to order a defendant to "make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction . . . ."

In light of *McKinley*, the *Corbin* Court reasoned that restitution may be "award[ed] only for losses factually and proximately caused by the defendant's offense . . . ." 312 Mich App at 369 (considering whether the trial court could order restitution for the victim's future losses and for a victim relating to a charge that the prosecution dismissed). "In determining whether a defendant's conduct is a factual cause of the result," the *Corbin* Court explained, "one must ask, but for the defendant's conduct, would the result have occurred," and "[f]or a defendant's conduct to be regarded as a proximate cause, the victim's injury must be a direct and natural result of the defendant's actions." *Id*. at 369 (quotation marks and citations omitted).

Once the need for restitution is established, if there is a dispute regarding the amount, the prosecuting attorney must prove the required amount by a preponderance of the evidence. MCL 780.767(4). The PSIR may be used in making this showing. MCL 780.767(2); see also, generally, *People v Fawaz*, 299 Mich App 55, 59-60, 65-68; 829 NW2d 259 (2012).

The crime of felony-firearm 2d has three elements: the defendant (1) attempted to commit a felony or committed a felony (2) while he had a firearm in his possession and (3) had a separate felony-firearm conviction. MCL 750.227b(1). The defendant need not be convicted of the predicate felony to sustain a felony-firearm conviction, but the predicate felony "must have been committed." *People v Burgess*, 419 Mich 305, 311; 353 NW2d 444 (1984). Here, a reading of the information as a whole shows that the prosecution listed second-degree[3] home invasion based on larceny at Raupp's home, see MCL 750.110a(3), as the predicate offense. MCL 750.110a(3) provides:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the second degree.

Defendant contends that he cannot be held liable for restitution relating to the home invasion as a whole because "the legal basis of [defendant's] felony[-]firearm conviction was the theft and possession of a single gun." Nevertheless, defendant's felony-firearm 2d conviction was necessarily based on the predicate felony of second-degree home invasion, and as aptly stated by the prosecution on appeal, "[w]hile the home invasion charge was dismissed, its *commission* was part and parcel of the felony-firearm conviction," and "the course of conduct for the home invasion included stealing the victim's belongings." Defendant appears to be arguing that because, as part of the factual basis for his plea, he only admitted to stealing one gun, he cannot be ordered to pay restitution for anything other than that single gun. This, however, is a

---

[3] The listing of "first-degree" home invasion in Count II (the felony-firearm count) was an obvious typographical error, given that Count I charged defendant with second-degree home invasion.

misreading of the law. Once defendant was properly convicted (as he assuredly was), the prosecution was then allowed to prove the amount of restitution related to defendant's course of conduct by a preponderance of the evidence and by reference to the PSIR. MCL 780.767(2); see also, generally, *Fawaz*, 299 Mich App at 59-60. The course of conduct necessarily included the circumstances relating to the required predicate offense of second-degree home invasion. The law simply does not require that when a conviction results from a plea, a defendant must specifically reference each stolen item in order for the prosecution to obtain a restitution order for stolen goods.[4] We find no basis for reversal and also reject defendant's claim of ineffective assistance of counsel regarding the failure to raise the issue at an earlier point in the proceedings. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) (counsel is not ineffective for failing to raise a meritless argument).

Affirmed.


/s/ Cynthia Diane Stephens
/s/ Henry William Saad
/s/ Patrick M. Meter

---

[4] Imagine that this case had gone to trial and the jury had convicted defendant of felony-firearm 2d and second-degree home invasion. Restitution of $1,000 would be appropriate even though one would not know for certain which items the jury had focused on in rendering the home-invasion verdict. We further note that, unlike in *People v Raibeck*, 312 Mich App 759, 773; 882 NW2d 161 (2015), only one victim was at issue here.