*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DEDRICK SHONDELL LEWIS,

        Defendant-Appellant.

UNPUBLISHED
September 16, 2025
2:10 PM

No. 372383
Saginaw Circuit Court
LC No. 22-048881-FH

Before: WALLACE, P.J., and RIORDAN and REDFORD, JJ.

PER CURIAM.

Defendant Dedrick Lewis appeals by leave granted[1] the trial court's judgment of sentence awarding him four days of jail credit. He was charged in two separate criminal cases in the Saginaw Circuit Court: Docket No. 22-048974-FC ("Case 1") and Docket No. 22-048881-FH ("Case 2"), the latter of which is the subject of this appeal. In Case 1, he pleaded no contest as a second habitual offender, MCL 769.10, to criminal sexual conduct in the fourth degree, MCL 750.520e(1)(a). In Case 2, he pleaded guilty to delivery of marijuana to a minor, MCL 333.7410(1), again as a second habitual offender. In exchange for his pleas, defendant received a *Cobbs* evaluation[2] providing for a minimum-term cap of 18 months' imprisonment and was sentenced accordingly. Defendant received 55 days of jail credit in Case 1 and four days of jail credit in Case 2. On appeal, defendant argues that he should have received 57 days of jail credit in Case 2. We disagree and affirm.

## I. FACTS

Defendant was arrested in Case 2 on November 16, 2021, and released on November 19, 2021, i.e., he spent four days in jail after his arrest. In Case 1, defendant was arrested on January

---

[1] *People v Lewis*, unpublished order of the Court of Appeals, entered November 6, 2024 (Docket No. 372383).

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

25, 2022, and released on January 26, 2022, i.e., he spent two days in jail after his arrest. On December 5, 2023, as noted, defendant pleaded no contest to criminal sexual conduct in the fourth degree in Case 1, and guilty to delivery of marijuana to a minor in Case 2. The transcript of the plea hearing indicates that the charges were factually related to the extent that they arose out of a sexual relationship between defendant and an underage woman.

On January 3, 2024, the trial court issued a bench warrant and entered an order revoking defendant's bond in Case 1. The parties do not dispute that there was no corresponding revocation or cancellation of bond in Case 2 at that time. Defendant was subsequently apprehended on the outstanding bench warrant and lodged in the Saginaw County Jail beginning on February 8, 2024. Defendant remained in custody through his sentencing on both cases, which occurred on April 1, 2024.

During sentencing, defense counsel raised an objection regarding the amount of jail credit applied in Case 2. Defense counsel argued that because defendant was in custody pending sentencing from February 8 through April 1, 2024, 53 days total, and because both cases were pending simultaneously, that entire period should count toward both cases. Defense counsel contended that defendant was "on bond on both these cases," and that once his bond was revoked in Case 1 and he was lodged in jail on February 8, 2024, he was effectively in custody on both dockets.

The trial court acknowledged the discrepancy in jail credit but concluded that defendant was not entitled to the additional 53 days in Case 2. The trial court reasoned that defendant was "in custody for a different case," i.e., Case 1, and that because his bond in Case 2 had not been revoked since "that request was not made of the Court," credit in that case was limited to the four days defendant had been in jail prior to posting bond earlier in the proceedings.[3] The trial court explained that the failure to revoke bond in Case 2 was "not a clerical error. There has to be a request made of the Court to revoke bond. . . . It's not the fault of the clerk or the Court." Defense counsel reiterated that the cases were interconnected, that defendant had remained in jail continuously through sentencing, and that awarding credit in both cases would be equitable. The trial court nonetheless maintained its ruling.

Defendant appealed, primarily arguing that he is entitled to an additional 53 days of jail credit in Case 2 under MCL 769.11b. Defendant also argues that he is entitled to the additional jail credit under principles of due process and fairness.

## II. STANDARD OF REVIEW

---

[3] The presentence investigation report explained:

On January 25, 2022, Mr. Lewis was granted a bond on MOR on Docket 1. On February 8, 2024, Mr. Lewis was lodged in jail on a bond violation on the same docket. Mr. Lewis's bond on his adjoining docket (the present case) was not impacted, therefore, there is a difference in jail credit between the two dockets.

To the extent that defendant argues that the trial court erred as a matter of law in calculating credit for time served, the issue is reviewed de novo. *People v Filip*, 278 Mich App 635, 640; 754 NW2d 660 (2008). However, to the extent that defendant argues that the trial court erred by failing to grant additional jail credit based on equitable considerations, review is for an abuse of discretion. See *People v Adkins*, 433 Mich 732, 751 n 10; 449 NW2d 400 (1989) (explaining that a trial court has "discretion" to reduce a sentence based upon general fairness considerations in calculating jail credit). A trial court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes. *People v Butka*, 514 Mich 366, 376; 22 NW3d 429 (2024). Finally, to the extent that defendant argues that the trial court erred by violating due process, because this issue is unpreserved, review is for plain error affecting his substantial rights. See *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

## III. DISCUSSION

MCL 769.11b provides as follows:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

"[T]he primary purpose of the sentence credit statute is to equalize as far as possible the status of the indigent and less financially well-circumstanced accused with the status of the accused who can afford to furnish bail." *People v Prieskorn*, 424 Mich 327, 340; 381 NW2d 646 (1985) (quotation marks and citation omitted). Under the statute, "[a] defendant is only entitled to sentence credit for time served as a result of being denied or unable to furnish bond for the offense of which he is convicted." *People v Patton*, 285 Mich App 229, 238; 775 NW2d 610 (2009) (quotation marks and citation omitted). "It follows from this statute that individuals who are detained in jail for some reason other than the denial of or inability to furnish bond are not entitled to jail credit." *People v Allen*, 507 Mich 597, 606; 968 NW2d 532 (2021). For example, "one such reason is that the individual was a parolee who was arrested on a new charge that might also constitute a violation of his or her parole." *Id*. "[O]nce the individual is held for the parole violation, his or her continued detention has nothing to do with a denial of or inability to furnish bond in the new criminal proceeding." *Id*. Moreover, "once the individual is not being held because he or she was denied or unable to furnish bond in that proceeding, he or she is no longer entitled to jail credit under MCL 769.11b toward any sentence imposed in the new proceeding." *Id*.

Ultimately, to reiterate, "credit is to be granted for presentence time served in jail only where such time is served as a result of the defendant being denied or unable to furnish bond for the offense of which he is convicted." *People v Raisbeck*, 312 Mich App 759, 767; 882 NW2d 161 (2015) (quotation marks and citation omitted). Thus, for the purposes of calculating jail credit, it is irrelevant "whether the reason for the presentence confinement bears an intimate and substantial relationship to the offense for which the defendant was convicted and is seeking sentence credit." *Id*. at 766 (quotation marks and citation omitted).

In this case, defendant was held in jail from February 8, 2024, to sentencing on April 1, 2024, only because his bond was revoked in Case 1. His bond in Case 2 remained outstanding because, as the trial court explained during sentencing, "[t]here has to be a request made of the Court to revoke bond," which did not occur in Case 2. Thus, when defendant was held in jail during this 53-day time period, he only was held because of being "unable to furnish bond" in Case 1. See *Patton*, 285 Mich App at 238. Consequently, the trial court correctly concluded that defendant only was entitled to the additional 53 days of jail credit in Case 1, not Case 2, pursuant to MCL 769.11b.

On appeal, defendant does not dispute that bond only was revoked in Case 1 but, instead, observes that bond could have been revoked in Case 2 when it was revoked in Case 1 on February 8, 2024, or shortly thereafter. However, that observation does not compel a different result. In *People v Seiders*, 262 Mich App 702; 686 NW2d 821 (2004), this Court explained that "MCL 769.11b does not . . . entitle a defendant to credit for time served before sentencing if he is incarcerated for an offense other than that for which he is ultimately convicted, or for other unrelated reasons." *Id.* at 706. See also *Filip*, 278 Mich App at 640-641; *People v Givans*, 227 Mich App 113, 125-126; 575 NW2d 84 (1997). In other words, because defendant only had his bond revoked in Case 1, it follows that he was incarcerated during the time period in question only because of Case 1. Case 2 is, essentially, an "unrelated reason" why defendant was incarcerated. See *Seiders*, 262 Mich App at 706. Therefore, the trial court did not violate MCL 769.11b by only awarding defendant four days of jail credit in Case 2.[4]

Defendant next argues that his due-process rights were violated because he was incarcerated before sentencing on Case 2 but did not receive full jail credit in that regard. See generally, *North Carolina v Pearce*, 395 US 711, 716; 89 S Ct 2072; 23 L Ed 2d 656 (1969). This is incorrect. Consistent with due process, the purpose of MCL 769.11b is to ensure that defendants receive credit for pretrial incarceration related to the offense of conviction. See *Adkins*, 433 Mich at 737. However, this purpose does not extend to granting credit for time served on unrelated charges, as occurred here. See *id*. Further, because defendant actually received 53 days of jail credit in Case 1, he was not wholesale deprived of jail credit notwithstanding his actual incarceration during the time period in question. Thus, the trial court did not plainly err with respect to defendant's due-process argument.

Finally, defendant argues that the trial court should have granted him an additional 53 days of jail credit in Case 2 "as a matter of fairness." In support, defendant cites footnote 10 of *Adkins*, in which our Supreme Court observed as follows:

---

[4] The implication of defendant's argument is that because the respective charges underlying Case 1 and Case 2 were factually related, he is entitled to jail credit for both cases. However, that argument has been rejected by this Court and our Supreme Court. As explained in *Raisbeck*, *Prieskorn* rejected the approach "that asks the question whether the reason for the presentence confinement bears an intimate and substantial relationship to the offense for which the defendant was convicted and is seeking sentence credit . . . ." *Raisbeck*, 312 Mich App at 766 (quotation marks and citation omitted).

-4-

Our opinion today, however, must not be seen as in any way *prohibiting* a sentencing judge from granting sentence credit for time served for an unrelated offense should it be decided such credit is warranted. The trial court's sentencing discretion under our indeterminate sentencing law, [MCL 769.1], clearly would permit reducing a defendant's minimum sentence should the court think such action appropriate. [*Adkins*, 433 Mich at 751 n 10.]

Defendant's argument misses the mark. *Adkins* does not permit a trial court to actually award additional jail credit contrary to the terms of MCL 769.11b. Nor could it, as trial courts lack discretionary authority to award additional jail credit that is not expressly authorized by statute. *People v Idziak*, 484 Mich 549, 568-569; 773 NW2d 616 (2009). Rather, *Adkins* indicated that a trial court may sentence a defendant to a lesser term to compensate for any perceived unfairness or inequity with the lack of jail credit in that case. For example, if a defendant is entitled to one day of jail credit under MCL 769.11b but the trial court believes that equity requires 30 days of jail credit, then the trial court may compensate for this discrepancy by sentencing the defendant to 23 months in prison instead of 24 months in prison. However, *Adkins* does not suggest that such a result is required.

In this case, the guidelines provided for a minimum term of 5 to 28 months in prison for Case 1 and 10 to 28 months in prison for Case 2. The trial court imposed respective minimum terms of 18 months in prison for both cases, consistent with the *Cobbs* evaluation. Because the trial court remained within the sentencing guidelines for both cases, there is no error or abuse of discretion in this regard. Under these circumstances, *Adkins* does not require reversal.

## IV. CONCLUSION

The trial court correctly concluded that defendant only was entitled to four days of jail credit in Case 2. Therefore, we affirm.

/s/ Randy J. Wallace
/s/ Michael J. Riordan
/s/ James Robert Redford

-5-