*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KEVIN ALLAN WILSON,

Defendant-Appellant.

UNPUBLISHED
January 15, 2026
9:44 AM

No. 374098
Muskegon Circuit Court
LC No. 2022-000477-FC

Before: SWARTZLE, P.J., and GARRETT and WALLACE, JJ.

PER CURIAM.

In this case, we are asked to determine whether the trial court erred in awarding the cost of an engraved granite bench and its placement at the victim's gravesite as a component of restitution, based upon defense counsel's objection that it is something other than and "outside [of] funeral expenses." The relevant statute, MCL 780.766(4), in part pertinent to this appeal, provides: "If a crime results in physical or psychological injury to a victim, the order of restitution shall require that the defendant do 1 or more of the following, as applicable: . . . (f) Pay an amount equal to the cost of actual funeral and related services." We do not find the trial court clearly erred in finding the bench and its placement constituted "the cost of actual funeral and related services," and affirm.

## I. FACTUAL BACKGROUND

Defendant Kevin Wilson pleaded *nolo contendere* to one count of second-degree murder, MCL 750.317, and one count of possession of a firearm when committing or attempting to commit a felony, MCL 750.227b(1). At his July 16, 2024 sentencing hearing, the prosecution made a request for restitution totaling $33,201.12, which included an invoice entitled "Statement of Funeral Goods and Services" totaling $12,287.20, and another invoice entitled "Good faith estimate of interment costs" which included an engraved granite bench bearing the name of the victim, his birth and death dates, a brief epitaph and some imagery, its installation, and sales tax, totaling $20,913.92. Plaintiff's brief on appeal represents this documentation as having been

-1-

"affixed to the presentence investigation report," and the trial court likewise referenced this documentation at the sentencing hearing.[1]

At the sentencing hearing, the trial court asked whether defendant was challenging the $20,913.92 amount for the bench and its installation, and his counsel indicated that he was not. Rather, defense counsel's objection was that the bench and its installation was "outside the funeral expenses" and was not something the trial court had authority to order as restitution. The trial court then made an uncontested finding of fact that there was an expense of $20,913.20 for the bench and its installation, took the defendant's objection as to whether it could legally order restitution for that additional amount under advisement, and indicated that either party was welcome to submit a brief on the issue. Neither party opted to submit a brief.

On August 7, 2024, the trial court entered an opinion and order regarding restitution finding "the expense related to the cost and installation of the granite bench is a service related to the victim's funeral." More specifically, the opinion and order found "that the documentation attached to the presentence investigation report supports a finding, by a preponderance of the evidence, that the victim's mother, . . . incurred the stated cost of the memorial bench." It noted that MCL 780.766 governs "entry of an order of restitution to the victim or victims of a defendant's criminal conduct," and that "[s]ubsection (4)(f) authorizes a trial court to order a defendant to '[p]ay an amount equal to the cost of actual funeral and related services.' " The trial court indicated that it was unable to locate any cases addressing this issue, and quoted the relevant definitions of "actual" from *Merriam-Webster's Collegiate Dictionary* (11th ed) for purposes of a "plain reading" of MCL 780.766(4)(f): " 'existing in act and not merely potentially' and 'existing in fact or reality[,]' as opposed to 'false or apparent.' "[2] Shortly thereafter, the trial court entered an amended judgment of sentence reflecting $33,301.12 as the restitution amount.

On March 19, 2025, this Court granted defendant's application for leave to appeal the trial court's order awarding restitution in the amount of $33,201.12.[3] *People v Wilson*, unpublished order of the Court of Appeals, entered March 19, 2025 (Docket No. 374098).

---

[1] While the lower court file does not appear to contain the "Statement of Funeral Goods and Services" or "Good faith estimate of interment costs," these documents were attached as appendices to defendant's application for leave to appeal, plaintiff's answer thereto, and the parties' respective briefs on appeal. Defendant's application and brief on appeal omit to include a page with a printed visual depiction of the bench that plaintiff's answer and brief on appeal include. Plaintiff's brief on appeal claims this visual depiction was included in the documentation affixed to the presentence investigation report, submitted to, and referenced by the trial court at sentencing. Notably, defendant does not object to the inclusion of this visual depiction.

[2] Again, the defendant did not object to the reasonableness of the amount of the cost of the bench and its installation (and likewise does not raise such an argument on appeal).

[3] This Court denied leave to appeal on two other issues raised in defendant's application and our Supreme Court denied defendant's application for leave to appeal from that denial.

## II. ISSUE PRESERVATION AND STANDARD OF REVIEW

Because defense counsel objected to the inclusion of the cost of the bench and its installation as a component of restitution at the time of sentencing, this issue is preserved for our review. *People v Newton*, 257 Mich App 61, 68; 665 NW2d 504 (2003).

This Court typically reviews a restitution order for abuse of discretion. *People v Raisbeck*, 312 Mich App 759, 768; 882 NW2d 161 (2015). An abuse of discretion "occurs when the trial court chooses an outcome that falls outside the range of principled outcomes." *People v Lee*, 314 Mich App 266, 272; 886 NW2d 185 (2016) (quotation marks and citation omitted). "A trial court's factual findings underlying a restitution order are reviewed for clear error." *Id*. "A finding is clearly erroneous if this Court is left with the definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted). However, to the extent the trial court's decision involves a matter of statutory interpretation, that issue is reviewed de novo. *Raisbeck*, 312 Mich App at 768.

## III. BENCH AND ITS INSTALLATION AS A COMPONENT OF "THE COST OF ACTUAL FUNERAL AND RELATED SERVICES," MCL 780.766(4)(f)

The Michigan Constitution provides crime victims with the right to restitution. Const 1963, art 1, § 24(1). MCL 780.766, which is part of the Crime Victim's Rights Act, MCL 780.751 *et seq.*, provides in part pertinent to this appeal:

> (2) Except as provided in subsection (8),[4] when sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate. For an offense that is resolved by assignment of the defendant to youthful trainee status, by a delayed sentence or deferred judgment of guilt, or in another way that is not an acquittal or unconditional dismissal, the court shall order the restitution required under this section.

> \* \* \*

> (4) If a crime results in physical or psychological injury to a victim, the order of restitution shall require that the defendant do 1 or more of the following, as applicable:

> \* \* \*

---

[4] MCL 780.766(8) states in relevant part: "The court shall not order restitution to be paid to a victim or victim's estate if the victim or victim's estate has received or is to receive compensation for that loss, and the court shall state on the record with specificity the reasons for its action."

(f) Pay an amount equal to the cost of actual funeral and related services.

"The purpose of restitution is to allow crime victims to recoup losses suffered as a result of criminal conduct." *In re White*, 330 Mich App 476, 480; 948 NW2d 643 (2019) (quotation marks and citation omitted). "Restitution is not designed to provide a windfall for crime victims, but was created to ensure that victims are made whole for their losses to the extent possible." *Id*.

In *People v Garrison*, 495 Mich 362, 368; 852 NW2d 45 (2014), our Supreme Court interpreted the phrase "full restitution" as stated in MCL 780.766(2) (as well as in MCL 769.1a(2)). The Court generally held that "full restitution" was defined as restitution that is "maximal and complete." *Id*.

In his brief on appeal, defendant contends that there is no proof that the bench was completed at the time of the funeral such that there is no proof that it was an actual funeral expense, based on the wording of the relevant statute providing that a court can order a defendant to "[p]ay an amount equal to the cost of actual funeral and related services." MCL 780.766(4)(f).[5] Defendant notes an online lay dictionary's definition of the noun "funeral" to be "the observances held for a dead person usually before burial or cremation."[6] Based thereon, defendant contends "the statute authorizes restitution for actual funeral expenses or services related to the funeral." Defendant then argues that "[t]he bench cannot be said to be part of the funeral or service related to the funeral," because "[t]here is no proof that the granite bench was a part of the funeral service" as opposed to it having been completed and installed after the funeral ceremony. Defendant further argues that "[e]ven if the bench was completed before the funeral, it would still not qualify under the statute as it is not reasonably part of a funeral or related service. It would be akin to making the defendant responsible for yearly memorial services in perpetuity."

Defendant misreads the statutory language to be limited to the cost of "the funeral service" or a "related service," when the actual language is "the cost of actual funeral and related services."

> When interpreting statutory language, our obligation is to ascertain the legislative intent that may be reasonably inferred from the words expressed in the statute. When the Legislature has unambiguously conveyed its intent in a statute, the statute speaks for itself, and judicial construction is not permitted. We give undefined

---

[5] Defendant, for the first time in their brief on appeal likewise cites MCL 769.1a(5) for this identical language. While the parties did not cite this statute in the trial court and trial court likewise did not cite or rely upon it in its opinion and order regarding restitution, MCL 769.1a(5), a subsection of the general restitution statute, provides: "If a felony, misdemeanor, or ordinance violation resulting in bodily injury also results in the death of a victim, the order of restitution may require that the defendant pay an amount equal to the cost of actual funeral and related services." We do not perceive this statutory language pertaining to the permitted contents of an order of restitution to have any materially different meaning or effect than the language of MCL 780.766(4)(f) on which the trial court's ruling was based, and so decline to otherwise address that *dicta* here.

[6] <https://www.merriam-webster.com/dictionary/funeral> (accessed December 9, 2025).

statutory terms their plan and ordinary meanings. In those situations, we may consult dictionary definitions. [*Alken-Ziegler, Inc v Hague*, 283 Mich App 99, 102; 767 NW2d 668 (2009) (internal citations omitted)].

"An undefined statutory word or phrase must be accorded its plain and ordinary meaning, unless the undefined word or phrase is a 'term of art' with a unique legal meaning." *People v DeBono*, 346 Mich App 64, 69; 11 NW3d 546 (2023) (quotation marks and citation omitted).

Like the trial court, we have not located case law interpreting the statutory language at issue. In the pivotal statutory language for purposes of determining this appeal, "[p]ay an amount equal to the cost of actual funeral and related services," the term "funeral" is an adjective modifying the noun "services." MCL 780.766(4)(f). The adjective "funeral" is defined as "of, relating to, or constituting a funeral." *Merriam-Webster's Collegiate Dictionary* (11th ed). In turn, the noun "funeral" is principally defined as "the observances held for a dead person usu. before burial or cremation." *Id.* Additionally, as the trial court noted, the relevant definitions of "actual" are "existing in act and not merely potentially"; and "existing in fact or reality," as in "[actual] and imagined conditions"; and "not false or apparent," as in "[actual] costs." *Id.* Accordingly, the statute provides for restitution for the cost of actual funeral services *and* related services, i.e., the cost of services related to actual funeral services.

The invoices proffered by the plaintiff at sentencing for purposes of restitution noted that the costs for the engraved granite bench and its installation were listed as "interment costs." The definition of "interment" is "the act or ceremony of interring," and the definition of "inter" is "to deposit (a dead body) in the earth or in a tomb." *Merriam-Webster's Collegiate Dictionary* (11th ed). "Interment" in the present context accordingly addresses the burial of the body as a component of or immediately following a funeral and would accordingly be a service related to actual funeral services. Plaintiff also notes that the "Statement of Funeral Goods and Services" documentation does not indicate a charge for any headstone or gravesite marker. Plaintiff further argues that, in the depiction of the bench provided in the invoices, "the 'bench' appears to be more aptly referred to as a gravesite marker or headstone," given that it is engraved with the name of the victim, his birth and death dates, a brief epitaph and some imagery. In our review of these materials, we agree with this unrebutted assessment.

Contrary to defendant's arguments in its brief on appeal, we find nothing in the language of MCL 780.766(4)(f), that would require the granite bench to have been completed, installed, and included as part of the funeral service itself. We also see nothing in the statutory language to substantiate defendant's argument that permitting restitution for the bench would then make the defendant "responsible for yearly memorial services in perpetuity." Rather, the bench was a cost of services related to actual funeral services, the provision of a gravesite marker as part of the interment of the body at the gravesite.

In light of the foregoing, and particularly in light of our Supreme Court's instruction in *Garrison* that the phrase "full restitution" in MCL 780.766(2) is defined as restitution that is "maximal and complete," we find no error in the trial court's factual finding, under the statutory language as interpreted above, that the costs of the engraved granite bench and its installation

(including sales tax), constitute the actual costs of services related to actual funeral services.[7] We likewise find that the trial court did not abuse its discretion with regard to the amount of the restitution order, in light of the defendant not having objected to that aspect of the order, and due to it being within the range of principled outcomes.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett
/s/ Randy J. Wallace

---

[7] Or, as the trial court phrased it, that "the expense related to the cost and installation of the granite bench is a service related to the victim's funeral."