*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CECIL DE HUSTON,

        Defendant-Appellant.

UNPUBLISHED
May 20, 2026
9:41 AM

No. 376536
Berrien Circuit Court
LC No. 2024-000899-FH

Before: TREBILCOCK, P.J., and CAMERON and LIEVENSE, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order imposing restitution in the amount of $16,977.71. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The victim in this case had been out of town for about two weeks when he received a call from his neighbor informing him that someone had broken into his house. The victim called the police, and, when officers arrived, they observed that the power box had been ripped off the side of the house and a rear basement window had been broken open. The victim later met the police at his house, and found defendant sitting on a chair in front of the doorway with his foot pressed against the front door. No one else was in the home, and it was heavily vandalized; items and food were all over the floor, there were burn marks in the kitchen and basement, and wire and pipes throughout the house that had been cut and ripped from the ceiling. Several items had also been taken, including an AC unit.

Defendant was arrested and pleaded guilty to second-degree home invasion. He was sentenced to 48 to 180 months' imprisonment. At the restitution hearing, the victim and responding police officers testified about the facts underlying the case, and the prosecution

---

[1] *People v Huston*, unpublished order of the Court of Appeals, entered August 26, 2025 (Docket No. 376536).

presented a repair estimate of $16,977.71. Defendant testified that he did not cause the damage because it was already there when he entered the home. The trial court found that defendant caused the damage and ordered him to pay the victim $16,977.71. This appeal followed.

## II. STANDARDS OF REVIEW

We review the amount of a restitution order for abuse of discretion. *People v Raisbeck*, 312 Mich App 759, 768; 882 NW2d 161 (2015). "A trial court abuses its discretion when it chooses and outcome outside of the range of principled outcomes or when it makes an error of law." *People v Bentley*, 350 Mich App 285, 291; 31 NW3d823 (2024) (citations omitted). We review the trial court's factual findings underlying a restitution order for clear error. *People v Lee*, 314 Mich App 266, 272; 886 NW2d 185 (2016). "A finding is clearly erroneous if this Court is left with the definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted). Finally, we review issues of statutory interpretation de novo . *Bentley*, 350 Mich App at 291.

## III. ANALYSIS

Defendant contends that the trial court erred by ordering him to pay $16,977.71 in restitution because there was insufficient evidence to prove that he caused the alleged damage. We disagree.

Both the Crime Victim's Rights Act (CVRA), MCL 780.751 *et seq*., and the general restitution statute, MCL 769.1a, provide that sentencing courts "shall order" convicted defendants to "make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction . . . ." MCL 769.1a(2); MCL 780.766(2); *People v Garrison*, 495 Mich 362, 367; 852 NW2d 45 (2014). "[W]hen determining the amount of restitution to award a victim, the focus is consistently not on what a defendant took, but what a victim lost because of the defendant's criminal activity." *Bentley*, 350 Mich App at 296 (quotation marks and citation). Restitution is only permitted "for losses factually and proximately caused by the defendant's offense . . . ." *People v Corbin*, 312 Mich App 352, 369; 880 NW2d 2 (2015). "In determining whether a defendant's conduct is a factual cause of the result, one must ask, but for the defendant's conduct, would the result have occurred?" *Id*. (quotation marks and citation omitted). "For a defendant's conduct to be regarded as a proximate cause, the victim's injury must be a direct and natural result of the defendant's actions." *Id*. (quotation marks and citation omitted). "The prosecution bears the burden of establishing the proper amount of restitution by a preponderance of evidence." *People v Fawaz*, 299 Mich App 55, 65; 829 NW2d 259 (2012) (quotation marks, brackets, and citations omitted).

Defendant does not contest that the victim actually incurred $16,977.71 worth of damage. Rather, he argues that there was insufficient evidence to prove causation because the prosecution presented no witness testimony or forensic evidence demonstrating that he was the one who caused the damage. But defendant fails to identify any statute or caselaw showing that such evidence is required. Moreover, testimony from responding police officers and the victim indicated that: (1) the house was in good condition before the victim left town; (2) defendant was the only person found in the victim's house; (3) defendant was found in the home a few hours after the victim's neighbor alerted him of the break-in; and (4) the state of the house—i.e., open food, feces in the

-2-

bathroom, and defendant's medication—suggested that defendant had been there for an extended period of time. Indeed, defendant admitted he was in the house for a minimum of 9 to 12 hours. The trial court, therefore, did not clearly err by finding that defendant's unlawful entry factually and proximately caused the claimed damage.

Although defendant denied causing the damage, the only evidence he presented to negate the officers' and victim's testimonies was his own. Thus, the question of whether there was sufficient evidence to satisfy the burden of proof hinged on the trial court's credibility determination between these testimonies, with which "[t]his Court will not interfere[.]" *People v Passage*, 277 Mich App 175, 177; 743 NW2d 746 (2007). Accordingly, the trial court did not abuse its discretion by ordering defendant to pay $16,977.71 in restitution.

Affirmed.

/s/ Christopher M. Trebilcock
/s/ Thomas C. Cameron
/s/ Andrew J. Lievense