*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 15, 2026
1:48 PM

Plaintiff-Appellee,

v

No. 375860
Oakland Circuit Court
LC No. 2024-287548-FH

CANDACE NICOLE MURRY,

Defendant-Appellant.

Before: RIORDAN, P.J., and MURRAY and MALDONADO, JJ.

PER CURIAM.

Defendant appeals by leave granted the sentence imposed by the trial court after defendant entered a plea of guilty to false application for a state identification card, MCL 28.293(1), and identity theft, MCL 445.65, second offense, MCL 445.69.[1] The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 28 months to 40 years' imprisonment on each count to be served concurrently, with two days of jail credit. We affirm defendant's sentence.

## I. BACKGROUND

Defendant was involved in two overlapping criminal cases, one in Wayne County and the instant case in Oakland County, in which she used the identifying information of Candace Murray.

Defendant's Wayne County criminal case arose from her conduct on July 30, 2018, when she applied for subsidized housing using Candace Murray's identity. Although the offenses occurred in 2018, defendant was not arrested until August 27, 2021, at which time she was released on bond. While on bond in the Wayne County case, defendant committed the offense underlying the case in Oakland County, the case subject to this appeal. Specifically, on November 5, 2021, defendant went to a Secretary of State branch and used the same victim's name and date of birth

---

[1] *People v Murry*, unpublished order of the Court of Appeals, entered June 16, 2025 (Docket No. 375860).

to obtain a state identification card issued in Candace Murray's name but bearing defendant's photograph.

On September 2, 2022, defendant pleaded guilty in the Wayne County case to false pretenses and identity theft, arising from her 2018 conduct. Later that same year, on December 21, 2022, defendant was charged in the instant Oakland County case for the November 5, 2021 offense, which had been committed while she was on bond in the Wayne County matter. Defendant was arrested on those charges on April 4, 2023, and released on bond.

While the Oakland County case was pending, defendant was sentenced in the Wayne County matter on October 30, 2023, to concurrent terms of 23 months to 5 years' imprisonment and began serving those sentences. Defendant subsequently entered a guilty plea in the Oakland County case on June 5, 2024, and was sentenced on August 28, 2024.

On appeal, defendant argues that the trial court erred by not giving jail credit under MCL 769.11b. Relatedly, she argues that trial counsel was ineffective for failing to seek revocation of her bond at an earlier time, which would have entitled her to additional credit. Defendant further asserts that the trial court improperly denied sentence credit attributable to alleged undue delays in the proceedings. Defendant also argues that the denial of sentence credit violated her constitutional rights to due process and equal protection, claiming that the lack of credit resulted in a de facto consecutive sentence. Finally, she maintains that her sentence was unreasonable and disproportionate in light of both the offense and the offender. We disagree and affirm.

## II. JAIL CREDIT

## A. WAIVER OF CREDIT ISSUES

This Court reviews de novo as a question of law whether a defendant is entitled to credit for time served in jail before sentencing. *People v Armisted*, 295 Mich App 32, 49; 811 NW2d 47 (2011).

On appeal, the prosecutor argues that defendant waived the issue of jail credit because, at sentencing, she agreed that she was not entitled to jail credit. "Waiver has been defined as the intentional relinquishment or abandonment of a known right." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (quotation marks and citation omitted). In this case, although defendant acknowledged that the trial court was not permitted to grant jail credit for time served on another conviction, she did not relinquish or abandon her argument that she should receive credit for *procedural delays*. In a post-judgment motion, the defendant contended that once her bond was revoked (or should have been), she was no longer serving time on the Wayne County convictions but was instead serving time on the offenses in the instant case. She repeatedly asked that the sentences in both cases run concurrently and urged the trial court to account for procedural delays in calculating her minimum sentence. Because she consistently sought concurrent sentencing and asked the court to consider those delays, we conclude that she preserved her claim to additional jail credit.

## B. JAIL CREDIT PURSUANT TO MCL 769.11B

Defendant argues that she was entitled to jail credit from the date that her bond was revoked, January 11, 2024, to her sentencing date, August 28, 2024. We disagree.

MCL 769.11b governs credit for time served in jail before sentencing:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing [a] sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

Under this statute, "the trial court must grant jail credit when a defendant is held in jail for the offense of which he or she is ultimately convicted if he or she is denied or unable to furnish bond for that offense." *People v Allen*, 507 Mich 597, 606; 968 NW2d 532 (2021). Accordingly, "individuals who are detained in jail for some reason other than the denial or inability to furnish bond are not entitled to jail credit." *Id*.

In *People v Prieskorn*, 424 Mich 327, 340; 381 NW2d 646 (1985), our Supreme Court ruled that "the primary purpose of the sentence credit statute is to equalize as far as possible the status of the indigent and less financially well-circumstanced accused with the status of the accused who can afford to furnish bail." (Quotation marks and citation omitted). The Supreme Court found that the plain language of the statute afforded "a criminal defendant a right to credit for any presentence time served 'for the offense of which he is convicted,' and not upon any other conviction." *Id*. at 341. Additionally, the Supreme Court ruled that confining jail credit to the offense for which the defendant was convicted did not violate the concurrent sentence rule as long as the trial court did not impose the sentence "to commence at the completion or expiration of another sentence." *Id*. at 342.

On appeal, defendant argues that she was entitled to credit beginning on January 11, 2024, when her bond in this case was revoked. This argument lacks merit. On October 30, 2023, defendant was sentenced in the Wayne County case to 23 months to 5 years' imprisonment, with 164 days of jail credit. As a result of that sentence, defendant was incarcerated in the Michigan Department of Corrections and was serving time solely on the Wayne County convictions. Although the trial court revoked defendant's bond in the instant case on January 11, 2024, defendant was not entitled to sentence credit from that date forward because her incarceration was attributable to the Wayne County sentences, not the charges in this case. See *Allen*, 507 Mich at 606. Therefore, because defendant was incarcerated as a result of her Wayne County sentence and not because of the offense in this case, the trial court did not err in denying additional sentence credit under MCL 769.11b.

### C. JAIL CREDIT FOR ALLEGEDLY RELATED CASES

Defendant also contends that she is entitled to additional jail credit on the basis that the Wayne and Oakland cases were related, as she used Murray's identity in both offenses. We disagree.

Our Supreme Court in *Prieskorn* held:

> [T]he sentence credit statute neither requires nor permits sentence credit in cases, such as the one before us, where a defendant is released on bond following entry of charges arising from one offense and, pending disposition of those charges, is subsequently incarcerated as a result of charges arising out of an unrelated offense or circumstance and then seeks credit in the former case for that latter period of confinement. [*Prieskorn*, 424 Mich at 340.]

Subsequently, in *People v Raisbeck*, 312 Mich App 766; 882 NW2d 161 (2015), the defendant argued that the trial court erred by refusing to grant jail credit against her racketeering sentence for time served in jail for the false pretenses' convictions "because the false pretenses convictions formed, in part, the basis for her racketeering conviction." Relying on *Prieskorn*, this Court explained that time served on a prior conviction, even one that later forms part of the factual predicate for a subsequent offense, is not time served for the later offense, regardless of any factual relationship between the cases. See *id.* at 767. Put differently, jail credit under MCL 769.11b depends on the reason for a defendant's current incarceration, not on whether multiple offenses are factually related or involve a common victim.

A similar situation exists in this case. The time for which defendant requests jail credit was time that defendant served for the false pretenses and identity theft offenses in the Wayne County case, not for the false application and identity theft offenses of which she was convicted in this case. Although the offenses in both counties involved the same victim, that factual overlap does not establish that defendant was confined "for" the Oakland County offenses within the meaning of MCL 769.11b. Thus, defendant was not entitled to jail credit for time that she served to satisfy the sentences for her Wayne County convictions.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that she was denied the effective assistance of counsel by trial counsel's failure to move to revoke her bond after sentencing in the Wayne County case. We disagree.

To preserve a claim of ineffective assistance of counsel, a defendant must raise the claim in a motion for a new trial or request for a *Ginther*[2] hearing. *People v Jackson (On Reconsideration)*, 313 Mich App 409, 431; 884 NW2d 297 (2015). Defendant did not raise this claim in a motion for a new trial or a request for a *Ginther* hearing, but she did raise the issue of ineffective assistance of counsel in a postjudgment motion to modify her sentence. However,

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

because defendant did not request a *Ginther* hearing and the trial court did not order one, our "review is limited to mistakes apparent from the record." *People v Miller*, 326 Mich App 719, 726; 929 NW2d 821 (2019).

A claim of ineffective assistance of counsel involves mixed questions of law and fact. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). A trial court's findings of fact, if any, are reviewed for clear error. *People v Ogilvie*, 341 Mich App 28, 34; 989 NW2d 250 (2022). But whether the facts constitute a violation of the defendant's right to the effective assistance of counsel is a question of law that this Court reviews de novo. *Id*.

In order to establish ineffective assistance of counsel, a defendant must demonstrate "(1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *People v Acumby-Blair*, 335 Mich App 210, 228; 966 NW2d 437 (2020). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018) (quotation marks and citation omitted). A defendant must meet a heavy burden to overcome the presumption that trial counsel employed an effective trial strategy. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

In this case, defendant failed to establish that trial counsel's performance fell below an objective standard of reasonableness and that the performance prejudiced defendant. The premise of defendant's argument is that if trial counsel had asked the trial court to revoke defendant's bond when defendant was sentenced in the Wayne County case, she would have been entitled to jail credit from October 30, 2023, to her sentencing date on August 28, 2024, for a total of 295 days.

However, as previously discussed, in *Raisbeck*, this Court considered *Prieskorn* and *People v Adkins*, 433 Mich 732; 449 NW2d 400 (1989) and found that the time the defendant "spent in jail was time served on her previous false pretenses convictions, not time served for the offense of which she was convicted in this case." *Raisbeck*, 312 Mich App at 767. Accordingly, this Court determined that the defendant was not entitled to sentence credit for her subsequent related case. *Id*. Likewise, in this case, defendant was not entitled to credit for time served for her earlier related case, and her counsel's potential argument to the contrary would have lacked merit. See *id*. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) (quotation marks and citation omitted).

For the same reasons, defendant cannot establish the prejudice requirement of this claim. Defendant argues that if trial counsel had moved to revoke her bond when she was sentenced in the Wayne County case, she would have been entitled to jail credit because defendant would have been serving time for the instant case. However, once defendant was sentenced in the Wayne County case, she was serving time for the offenses for which she was convicted in the Wayne County case, not the instant case. Even after she served her minimum sentence, she was still serving time on the Wayne County convictions. Therefore, defendant would still not have been serving time for the offenses of which she was convicted in this case. Because defendant's underlying claim lacks merit, she cannot demonstrate a reasonable probability that the outcome of the proceedings would have been different absent counsel's alleged error. *Acumby-Blair*, 335

Mich App at 228. We, therefore, conclude that defendant has not established that she was denied effective assistance of counsel.

## IV. JAIL CREDIT FOR UNDUE DELAYS

Defendant argues that the trial court erred by denying credit for unexplained and undue delays during the period when defendant was in jail before sentencing.[3] We disagree.

In *Adkins*, 433 Mich at 737, the Supreme Court reaffirmed its conclusion in *Prieskorn*, that a criminal defendant has "a right to credit for any presentence time served for the offense of which he is convicted, and not upon any other conviction." (Quotation marks and citation omitted.) Defendant cites a footnote from *Adkins* that states that the Court's holding did not prohibit "a sentencing judge from granting sentence credit for time served for an unrelated offense should it be decided such credit is warranted." *Adkins*, 433 Mich at 751 n 10. However, the Supreme Court explained in *People v Idziak*, 484 Mich 569; 773 NW2d 616 (2009), that a trial court does not have the discretionary authority to grant sentencing credit unless expressly provided for by MCL 769.11b. The Court reiterated that " '[t]he enactment of [MCL 769.11b] reflects the Legislature's intention to entitle every defendant in a criminal case to the sentence credit described in the statute, instead of leaving the matter to the discretion of sentencing courts.' " *Id.*, quoting *Prieskorn*, 424 Mich at 340 (second alteration in original). Accordingly, the trial court did not err by denying defendant's request for jail credit for any delays that occurred during the case.

## V. EQUAL PROTECTION AND DUE PROCESS

Defendant asserts that a strict application of MCL 769.11b violated her rights to due process and equal protection by denying her jail credit and imposing what she characterizes as a de facto consecutive sentence. This argument lacks merit.

Defendant failed to raise her claims of constitutional error in the trial court, and therefore, she failed to preserve them. *Anderson*, 341 Mich App at 279. We typically review questions of constitutional law de novo. *People v Parks*, 510 Mich 225, 245; 987 NW2d 161 (2022). However, we review unpreserved claims of constitutional error for plain error affecting a defendant's substantial rights. *Anderson*, 341 Mich App at 279. "Under the plain-error rule, defendant bears the burden to prove (1) an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights, i.e., prejudiced defendant by affecting the outcome of the proceedings." *Id.* (quotation marks and citation omitted).

"The scope of Michigan's Equal Protection Clause is coextensive with that of its federal counterpart, so the provisions will be considered together in analyzing defendant's claim." *People v James*, 326 Mich App 98, 105; 931 NW2d 50 (2018). "In essence, equal protection requires that persons be treated alike with respect to certain, largely innate, characteristics that do not justify disparate treatment." *Id.* (quotations marks and citation omitted).

---

[3] As noted previously, we review de novo whether a defendant is entitled to credit for time served before sentencing. *Armisted*, 295 Mich App at 49.

Unless the legislation at issue creates a classification based on "suspect" factors such as race, national origin, or ethnicity, which trigger the highest level of review ("strict scrutiny"), or factors such as gender or illegitimacy, which require an intermediate level of review ("heightened scrutiny"), it is reviewed under a rational basis standard. [*Idziak*, 484 Mich at 570.]

A review under the rational basis standard requires us to presume that a statute is constitutional, and the challenging party bears a "heavy burden of rebutting that presumption." *Id*. (quotation marks and citation omitted).

To prevail under this highly deferential standard of review, a challenger must show that the legislation is arbitrary and wholly unrelated in a rational way to the objective of the statute. Rational-basis review does not test the wisdom, need, or appropriateness of the legislation, or whether the classification is made with mathematical nicety, or even whether it results in some inequity when put into practice. [*Id*. at 571-572 (quotation marks and citations omitted).]

To demonstrate an equal-protection violation, a defendant must show that "(1) he has been intentionally treated differently from others similarly situated, and (2) there is no rational basis for the difference in treatment." *James*, 326 Mich App at 106.

As an initial matter, we reject defendant's argument that her sentence operated as a de facto consecutive sentence. A sentence does not become consecutive merely because it begins after a defendant has already begun serving a sentence imposed in another case. Rather, a de facto consecutive sentence arises only when a court improperly denies jail credit for time served "because of" the offense of conviction. See *Allen*, 507 Mich at 606.

Now turning to defendant's constitutional claims. Defendant has not properly presented a due-process argument for appellate review. In her appellate brief, defendant did not offer any argument or discussion regarding an alleged denial of her due-process rights. Additionally, defendant limited her citation of legal authority to authorities supporting her argument that she was denied equal protection by the application of MCL 769.11b. Although defendant referenced due process in her statement of questions presented, she uses "equal protection" and "due process" as interchangeable terms. In her reply brief, defendant argues that her due-process rights were violated because the prosecutor did not timely charge defendant in this case. Defendant failed to cite any supporting authority for this argument. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *Payne*, 285 Mich App at 195. Moreover, reply briefs are "confined to rebuttal of the arguments in the appellee's or cross-appellee's brief." MCR 7.212(G). "Raising an issue for the first time in a reply brief is not sufficient to present the issue for appeal." *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012). The hypothetical comparison offered by defendant—contrasting defendants whose cases are resolved at different speeds—does not establish a due-process or equal-protection violation. Michigan law does not guarantee identical parole eligibility dates for defendants who commit similar crimes; nor does it entitle defendants to sentence credit based on the timing of case resolution. Differences in parole eligibility that result

from lawful sentences imposed in separate cases do not constitute disparate treatment for constitutional purposes. See *Allen*, 507 Mich at 606–607.

Moreover, the fact that the instant case was resolved after defendant had begun serving her Wayne County sentence does not transform her sentence into a constitutional violation. Because defendant's incarceration was attributable to her Wayne County convictions, and not to the offense of conviction in this case, the denial of sentence credit did not violate due process or equal protection. Therefore, defendant's constitutional claims premised on a de facto consecutive sentence lack merit.

## VI. PROPORTIONALITY

Defendant argues that her sentences were unreasonable and disproportionate to her offenses. We disagree.

This Court reviews a trial court's sentencing decisions for an abuse of discretion. *People v Boykin*, 510 Mich 171, 182; 987 NW2d 58 (2022). "It is the trial court's duty to exercise discretion in a way that ensures the individualized sentence conforms with the principle of proportionality." *Id*. at 183. A trial court abuses its discretion when its decision violates the principle of proportionality. *People v Dixon-Bey*, 321 Mich App 490, 521; 909 NW2d 458 (2017).

The trial court has the authority to sentence defendant within the range authorized by the Legislature. *Boykin*, 510 Mich at 183. However, the sentence imposed should be proportionate and "tailored to the particular circumstances of the case and the offender." *Id*. See also *Dixon-Bey*, 321 Mich App at 520-521. "When a defendant's minimum sentence is within the guidelines range, this Court applies a nonbinding rebuttable presumption of proportionality." *People v Klungle*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket Nos. 364125 and 367795); slip op at 5 (quotation marks and citation omitted). A "defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate." *People v Posey*, 512 Mich 317, 359; 1 NW3d 101 (2023) (opinion by BOLDEN, J.).

Defendant argues that her sentence was disproportionate because she turned the false identification card over to the prosecutor in the Wayne County case, and the Wayne County prosecutor gave the false identification card to the Oakland County prosecutor. Defendant argues that this resulted in defendant serving two sentences for the same crime. Although both of the cases involved identity theft, defendant was convicted of false pretenses in applying for subsidized housing in the Wayne County case and applying for false identification in the instant case. These were two separate crimes perpetrated on different dates. Consequently, defendant was not serving two sentences for the same crime. In addition, defendant did not present any evidence to substantiate her position regarding how the Oakland County prosecutor had the identification card in its possession. Nor did defendant file a motion to discover the chain of events that led to the prosecutor approving charges in this case.

To determine whether a sentence is reasonable, the trial court must "consider whether the sentence is proportionate to the seriousness of the matter." *Id*. A trial court properly considers the nature of defendant's offense and defendant's background. *People v Steanhouse*, 500 Mich 453, 472; 902 NW2d 327 (2017). In explaining its sentences, the trial court reviewed defendant's

history that included two jail terms, one prison term, and five probationary terms. The trial court also noted that defendant had pending charges. The trial court stated that after hearing the victim impact statement, it was tempted to withdraw the *Cobbs*[4] agreement. The victim explained that she had to pay $3,000 for traffic tickets that defendant had received in Wayne and Oakland Counties using the false identification card. The police visited the Murray family home to arrest her for crimes committed by defendant using Murray's name. Murray explained that she spent a great deal of time addressing the consequences of defendant's actions on her life. We conclude that defendant's minimum sentence of 28 months was proportionate to the seriousness of defendant's offenses, and therefore, reasonable. Defendant failed to establish that her within-guidelines sentence was unreasonable or disproportionate.

Affirmed.

/s/ Michael J. Riordan
/s/ Christopher M. Murray
/s/ Allie Greenleaf Maldonado

---

[4] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).